UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON CLINTON | Case Number |
| Plaintiff, | |
| vs. | CIVIL COMPLAINT |
| FMS INVESTMENT CORP. d/b/a FINANCIAL MANAGEMENT SYSTEMS | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Brandon Clinton, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Brandon Clinton (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant maintains an office in this district and transacts business here.

## III.   PARTIES

4. Plaintiff, Brandon Clinton ("Plaintiff") is an adult natural person residing at 204 Grants Way, Four Oaks, North Carolina 27524.

5. Defendant, FMS Investment Corp. d/b/a Financial Management Systems ("Defendant"), at all times relevant hereto, is and was a Maryland Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 1000 East Woodfield Road, Suite 102, Schaumburg, IL 60173 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7. In and around December, 2009, Plaintiff began receiving numerous calls to his personal cell phone from Defendant's agents with regard to collection of an alleged consumer debt owed to The University of Pheonix.

8. Defendant's agents leave continuous messages on Plaintiff's cell phone asking for him to return their calls several times a week.

9. In and around January 13, 2010 Plaintiff received a phone call from one of Defendant's agents. The agent said he worked for a government agency called "FMS" and he was collecting for a debt owed to the University of Pheonix.

10. In the above-mentioned phone conversation, Defendant's agent provided Plaintiff with payment options. The first payment option he presented to Plaintiff was to pay $183.00 every two weeks and during income tax season Defendant's would set up some sort of arrangement to take money from Plaintiff's return. The second option was paying the total alleged amount in full.

11. Defendant's agent stated that Plaintiff must provide his bank routing number and checking account information before he could qualify for one of the payment options provided by Defendant.

12. Plaintiff asked Defendant's agent for their mailing address so that he could mail in some sort of a payment. Agent told Plaintiff that they do not accept payments via mail, but only accept payment through checking account.

13. Plaintiff told Defendant's agent he had to think it over because he does not feel comfortable giving out his banking information. The agent reminded Plaintiff that these were his only options and that he had 48 hours to make a payment or else this matter would go to litigation.

14. In and around January 16, 2010 Plaintiff received another call from an agent of the Defendant, whom Plaintiff told he spoke directly with the University of Pheonix and made a

payment directly to them. Defendant's agent placed Plaintiff on hold and transferred the phone call to the "manager". Plaintiff told him the same exact thing he told previous agent and he continuously asked how much of a payment he made to them.

15. Plaintiff suggested to Defendant's "manager" that maybe he should contact the University of Pheonix so they could clarify the amount of payment. The manager became very nasty with Plaintiff and responded, "well if you want to be a little bitch about it then". Plaintiff then ended the phone call.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such Plaintiff in connection with the collection of a debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and

pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT ONE – FDCPA.

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

  a. §1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 am or after 9:00 pm

  b. §1692d: Any conduct the natural consequence of which is to harass, oppress, or abuse any person

  c. §1692d(2): Profane language or abusive language

  d. §1692d(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly

  e. §1692d(6): Placed telephone calls without disclosing his/her identity

  f. §1692e(5): Threaten to take any action that cannot legally be taken or that is intended to be taken

    g.    §1692f:    Any unfair or unconscionable means to collect or attempt to collect the alleged debt

    h.    §1692g:    Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, FMS Investment Corp. d/b/a Financial Management Systems and Order the following relief:

    a.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

    b.    Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. §1692k;

    d.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    e.    Such addition and further relief as may be appropriate or that the interests of justice require.

V.      **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

               **Respectfully submitted,**

               **WARREN & VULLINGS, LLP**

**Date:   January 29, 2010**

               **BY: /s/ Brent F. Vullings**
               Bruce K. Warren, Esquire
               Brent F. Vullings, Esquire
               Warren & Vullings, LLP
               1603 Rhawn Street
               Philadelphia, PA  19111
               215-745-9800   Fax 215-745-7880
               Attorney for Plaintiff